UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYA DELYNN THAO, | No. 2:16-cv-2477 AC P |
| Petitioner, | |
| v. | ORDER |
| WILLIAM MUNIZ, Warden, | |
| Respondent. | |

Petitioner, a state prisoner at Salinas Valley State Prison, seeks appointment of counsel. Petitioner has not filed a petition for writ of habeas corpus or other pleading; nor has he paid the filing fee or sought in forma pauperis status.

Petitioner states that he has been in prison since age 16, and requires the assistance of counsel to pursue a "new rule of substantive law" that impacts aider and abettor liability under the natural and probable consequences doctrine, the application of which would modify petitioner's state conviction. Petitioner cites People v. Chiu, 59 Cal. 4th 155 (2014), a decision by the California Supreme Court.

There exists no absolute right to appointment of counsel in federal habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Although 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of a federal habeas proceeding "if the interests of justice so require," see Rule 8(c), Fed. R. Governing § 2254 Cases, the undersigned finds, due

to the prematurity of the instant request and for the reasons set forth below, that the interests of justice would not be served by appointment of counsel to petitioner at this time.

The undersigned is compelled to inform petitioner that it appears he is unable to state a cognizable claim under Section 2254 based on the circumstances he offers.[1]  A change in state law that impacts a prisoner's state conviction or sentence does not in itself state a cognizable claim under Section 2254.  Federal courts may grant a habeas petition challenging a state conviction or sentence only if the challenged state decision "was contrary to, or involved an unreasonable application of, *clearly established Federal law, as determined by the Supreme Court of the United States*," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d)(1), (2) (emphasis added); see also 28 U.S.C. § 2254(a) (federal courts may consider petitions for writ of habeas corpus "only on the ground that [petitioner] is in custody in violation of the *Constitution or laws or treaties of the United States*) (emphasis added).

Hence, a newly recognized constitutional right triggers commencement of a new one-year statute of limitations for filing a federal habeas petition only "if the right has been *newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*." 28 U.S.C. § 2244(d)(1)(C) (emphasis added) (referring to the *United States* Supreme Court).  Similarly, a change in state law by a state court in a proceeding in which petitioner was not a party does not qualify as a "factual predicate" triggering commencement of a new statute of limitations.  See Shannon v. Newland, 410 F.3d 1083, 1088 (9th Cir. 2005) (construing 28 U.S.C. § 2254(d)(1)(D)).  Nor does "a state's determination of its own substantive law in a way that leaves a convict with no meritorious federal claim . . . constitute an 'impediment' under § 2244(d)(1)(B)" that will trigger a new statute of limitations.  Shannon, 410 F.3d at 1087.

For these reasons, it appears that petitioner may be unable to state a cognizable federal habeas claim on the basis he asserts.  Nevertheless, if the court has misconstrued petitioner's

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

intent and/or if petitioner has other, viable, grounds for filing a federal petition, he will be permitted the opportunity to do present them for screening. However, petitioner's request for appointment of counsel will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for appointment of counsel, ECF No. 1, is denied without prejudice.

2. Petitioner may, within thirty (30) days after the filing date of this order, file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with the $5.00 filing fee OR a request to proceed in forma pauperis.

3. Petitioner's failure to timely file a petition for writ of habeas corpus will be construed as a request to close this case without prejudice.

4. The Clerk of Court is requested to send petitioner, together with a copy of this order, the court's form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and form request to proceed in forma pauperis.

DATED: October 23, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE